UNITED STATES DISTLRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD BANDA, | Case No. 2:19-cv-00095-RFB-CWH |
| Plaintiff, | SCREENING ORDER |
| v. | |
| JOHN DOE, *et al.*, | |
| Defendants. | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1, 1-1). Plaintiff also has filed a motion for appointment of counsel. (ECF No. 3). The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and addresses his motion for appointment of counsel. Because the Court dismisses Plaintiff's claims with prejudice, the Court denies the motion for appointment of counsel and the application for leave to proceed in forma pauperis as moot and closes this case.

**I.      SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is

immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     SCREENING OF COMPLAINT**

In the complaint, Plaintiff sues multiple Doe defendants for events that took place while he was detained at the Clark County Detention Center ("CCDC").[1] (ECF No. 1-1 at 1). Plaintiff alleges two counts and seeks damages and declaratory relief. (*Id.* at 9, 14-15.)

**A.  Count I**

Count I alleges the following: In April of 2017, Plaintiff experienced symptoms of

---

[1] It appears, therefore, that Plaintiff was a pre-trial detainee at the time of the alleged events.

| | |
|---|---|
| 1 | dehydration and fainted in his cell.  (*Id.* at 5).  Plaintiff fainted again when the medical |
| 2 | team arrived, and a doctor shot Plaintiff with steroids and sent him to the medical unit for |
| 3 | further evaluation.  (*Id.*)  Once in the medical unit, the medical staff put Plaintiff on an I.V. |
| 4 | for dehydration.  (*Id.*)  The doctor specifically told the medical staff to flush and clean the |
| 5 | I.V. two times a day, for two days, and then remove it.  (*Id.*)  The medical staff neglected |
| 6 | the doctor's instructions and failed to flush, clean, and remove the I.V.  (*Id.*) |
| 7 |       Five days later, the doctor returned and witnessed an infection because the I.V |
| 8 | was left uncleaned, unflushed, and still unremoved.  (*Id.* at 6).  The doctor ordered the |
| 9 | I.V. removed and said that Plaintiff should be okay, ordered medication for Plaintiff, and |
| 10 | told medical staff that Plaintiff could go back to the regular unit.  (*Id.*) |
| 11 |       Plaintiff soon began experiencing chills and sweats and broke out in hives.  (*Id.*) |
| 12 | His arm swelled up where the I.V. had been.  (*Id.*)  Plaintiff called a man down.  (*Id.*) |
| 13 | When the medical team arrived and took his temperature, Plaintiff was told that he was |
| 14 | running a very high temperature, so he was given a blood test.  (*Id.*)  When the blood test |
| 15 | results came back, Plaintiff was diagnosed with a blood infection and was sent to the |
| 16 | hospital.  (*Id.*) |
| 17 |       At the hospital, Plaintiff was administered antibiotics, which did not help.  (*Id.*)  After |
| 18 | a few days, Plaintiff developed holes in his chest and stomach which were releasing a |
| 19 | poisonous discharge.  (*Id.* at 7).  Medical staff at the hospital performed a procedure and |
| 20 | determined that Plaintiff had a staph infection in his blood that was due to the neglect of |
| 21 | not flushing, cleaning, and removing the I.V. from his arm.  (*Id.*)   Plaintiff was subjected |
| 22 | to pain and suffering as a result of the neglect.  (*Id.*)  He still was suffering from the same |
| 23 | discharge from his chest and stomach at the time he filed the complaint.  (*Id.*) |
| 24 |       Plaintiff alleges that this conduct violated his Eighth Amendment rights.  (*Id.* at 5.) |
| 25 | Because it appears that Plaintiff was a pre-trial detainee at the time the alleged events |
| 26 | occurred, the Court construes this claim as a Fourteenth Amendment due process claim. |
| 27 | A pretrial detainee's right to be free from punishment is grounded in the Due Process |
| 28 | Clause.  *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008).  Thus, a |

pretrial detainee's claim against individual defendants for violation of rights concerning medical care is evaluated under Fourteenth Amendment law. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018). A pretrial detainee's claim of denial of the right to adequate medical care under the Fourteenth Amendment is analyzed under an objective deliberate indifference standard. *Id.* The elements of such a claim are: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. *Id.* at 25. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" *Id.* (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)). A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* The mere lack of due care is insufficient. *Id.*

The Court finds that Plaintiff fails to state a colorable Fourteenth Amendment claim. Although he alleges a serious medical need, he does not allege facts sufficient to show deliberate indifference by anyone. He does not allege that anyone intentionally caused him to get an infection. He also does not allege that anyone was aware that he would get or was getting an infection but consciously chose to allow that infection or consciously chose not to treat Plaintiff effectively. Rather, he expressly alleges negligence. Because negligence does not constitute a Fourteenth Amendment violation, Plaintiff fails to state a colorable Fourteenth Amendment claim. The Court therefore dismisses this count with prejudice, as amendment would be futile.

If Plaintiff wishes to pursue a negligence claim, he must do so in state court, not this court. A negligence claim is a state law claim, not a federal constitutional claim. To

state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated. *West*, 487 U.S. at 48. Section 1983 does not provide a cause of action for violations of state law. *See Galen v. County of Los Angeles,* 477 F.3d 652, 662 (9th Cir. 2007).

### B.  Count II

Count II alleges the following: Plaintiff was diagnosed with a blood infection due to the medical staff not flushing the I.V. (ECF No. 1-1 at 8). Blood infections are known to attack all major functions in the body. (*Id.*) Two of the vital organs attacked by blood infections are the heart and the liver, which perform major bodily functions. (*Id.* at 8-9). Plaintiff asserts that he was not afforded the same care as others, even when medical staff was directed to do so. (*Id.* at 9.) Plaintiff alleges that this violated his Fourteenth Amendment right to equal protection and his rights under the Americans with Disabilities Act ("ADA"). (*Id.* at 8.)

"The ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1022 (9th Cir. 2010); *see also Marlor v. Madison County Idaho,* 50 Fed. App'x 872, 874 (9th Cir. 2002) (holding that inadequate medical care does not provide a basis for an ADA claim unless medical services are withheld due to discrimination on the basis of disability). The ADA does not provide a cause of action for not receiving medical treatment while incarcerated. *See Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir. 1996).

In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Conclusory allegations of motive are insufficient; specific, non-conclusory factual allegations are required. *Jeffers v. Gomez*, 267 F.3d 895, 913-14 (9th Cir. 2001). Thus, a person cannot state an equal

protection claim merely by dividing all persons not injured into one class and alleging that they received better treatment than the plaintiff did. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

Here, it is apparent that Plaintiff does not and cannot state an ADA claim or an equal protection claim. Plaintiff does not allege intentional conduct. Furthermore, even assuming that Plaintiff is considered disabled due to the effects of the infection, it is clear from the allegations of the complaint that the people at CCDC who provided the allegedly inadequate health care relating to the I.V. could not have done so *because of* that disability. Instead, the complaint alleges that it was the inadequate health care that subsequently caused the disability. Therefore, Plaintiff does not allege facts sufficient to show discrimination. Accordingly, the Court dismisses the ADA and equal protection claims with prejudice, as amendment would be futile.

### III.    MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for appointment of counsel. (ECF No. 3). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* In the instant case, the Court is dismissing with prejudice both counts, mooting Plaintiff's request for appointment of counsel. Therefore, the Court denies the motion for appointment of counsel.

### IV.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that Count I is dismissed with

prejudice, as amendment would be futile.

IT IS FURTHER ORDERED that Count II is dismissed with prejudice, as amendment would be futile.

IT IS FURTHER ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 3) is denied as moot.

IT IS FURTHER ORDERED that the Clerk of the Court shall send a copy of this Order to Plaintiff.

IT IS FURTHER ORDERED that this action shall be dismissed with prejudice for failure to state a claim. The Clerk of Court is instructed to close this case.

DATED this 19th day of August, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE