# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Richard Banda,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Naphcare, Inc.; John/Jane Does 1-5,<br><br>　　　　　Defendants. | Case No. 2:19-cv-00095-RFB-DJA<br><br>**Order** |

　　　　Before the Court is a stipulation to stay discovery deadlines pending the outcome of Defendant's motion to dismiss and to extend the deadline to amend pleadings or add parties. (ECF No. 55).  The parties explain that Plaintiff has experienced difficulty discovering his medical records, which would allow him to name the proper Doe parties to the action.  (*Id.*).  The parties thus request: (1) additional time for Plaintiff to conduct discovery only into his medical records and the identity of the Doe parties so that he may amend his complaint; and (2) a stay of all other discovery pending Defendant's motion to dismiss.  (*Id.*).  The Court grants both requests.

　　　　The Court finds that the parties have made the appropriate showing to request an extension of the deadline to amend pleadings and add parties.  Under Local Rule IA 6-1(a), a request for an extension made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect.  The deadline to amend pleadings or add parties passed on December 22, 2022.  (ECF No. 52 at 3).  But Plaintiff has demonstrated excusable neglect.  He explains that he had difficulty subpoenaing his records when he was proceeding *pro se* and that his counsel only learned that Plaintiff's records were not where Plaintiff believed them to be on December 22, 2022.  (ECF No. 55 at 3-5).  Because Plaintiff needs his records to determine the identify of the Doe defendants in this case, the Court finds that Plaintiff has demonstrated excusable neglect and grants Plaintiff's request.

      The Court also finds that a stay of discovery is appropriate in this case under the two-step analysis in *Scharder v. Wynn*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021). That analysis provides that a Court may grant motions to stay discovery when a dispositive motion is pending if: (1) the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id.* Here, both prongs are met. First, the parties agree that the only discovery necessary pending Defendant's motion to dismiss is Plaintiff's discovery of his medical records to determine the identity of the Doe parties to this case, which discovery would not impact the motion to dismiss. Second, the parties have demonstrated good cause to stay discovery: because Plaintiff needs to focus his discovery efforts on obtaining his medical records. A stay would thus accomplish the objectives of Rule 1: a just, speedy, and inexpensive determination of the action. *See* Fed. R. Civ. P. 1.

      **IT IS THEREFORE ORDERED** that the stipulation to stay discovery and extend the deadline to amend pleadings or add parties (ECF No. 55) is **granted.** The deadline to amend pleadings or add parties is **February 24, 2023.**

DATED: February 22, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE