Adam Hosmer-Henner, Esq., (NSBN 12779)
Jane Susskind, Esq. (NSBN 15099)
Kiley Harrison, Esq. (NSBN 16092)
**McDONALD CARANO LLP**
100 West Liberty Street, Tenth Floor
Reno, Nevada 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
jsusskind@mcdonaldcarano.com
kharrison@mcdonaldcarano.com

*Attorneys for Richard Banda*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD BANDA,<br><br>   Plaintiff,<br><br>v.<br><br>NAPHCARE, INC. a corporation; JOHN/JANE DOES 1-5,<br><br>   Defendants. | Case No.: 2:19-CV-00095-RFB-DJA<br><br>**STIPULATION AND ORDER TO EXTEND TIME TO AMEND PLEADINGS OR ADD PARTIES**<br><br>**(Second Request)** |

Pursuant to Local Rules IA 6-1, 7-1 and 26-3, Plaintiff Richard Banda ("Plaintiff") and Defendant NaphCare, Inc. ("Defendant"), hereby stipulate, agree, and respectfully request that the Court further extend the deadline to amend pleadings or add parties.[1]

This is the parties' second request to extend the discovery deadline to amend pleadings or add parties. Good cause exists to further extend the discovery deadline to amend pleadings or add parties because Plaintiff continues to have difficulty in obtaining the necessary discovery he needs

---

[1] For clarification, Defendant is not stipulating or agreeing to allow Plaintiff leave to amend but is only agreeing to extend the corresponding deadline. Plaintiff will file a motion with the Court requesting leave to amend and Defendant reserves all rights and does not waive (1) the right to file an opposition to any motion for leave to amend or (2) any possible defenses to the claims proposed through an amended complaint.

to amend his pleading within the deadlines from the initial Scheduling Order and the First Stipulation. Plaintiff, an inmate in the custody of NDOC, has diligently attempted to obtain relevant medical records from two separate medical providers (NaphCare and Wellpath) who contracted with the Clark County Detention Center ("CCDC") over different time periods and from multiple government agencies, but each time has been referred elsewhere. Further complicating matters is that Plaintiff has been detained by NDOC and Clark County under different names, aliases, and identification numbers such that his records are more difficult to locate and obtain. Given this Court's stay of discovery pending resolution of Defendant's Motion to Dismiss (ECF No. 57), no delay would result from permitting Plaintiff to continue conducting this limited third-party discovery and there would be no prejudice to Defendant NaphCare.

**I.      Statement Specifying the Discovery Completed.**

1.    The parties exchanged initial disclosures under FRCP 26(a)(1) and LR 26-1. In Defendant's initial disclosures and during discussions with Plaintiff's counsel, Defendant represented that it does not have custody or control over Plaintiff's medical records as it is no longer the private contractor providing medical services at the CCDC. Wellpath is now the contractor providing medical services at the CCDC. Defendant also conducted a search for Plaintiff's medical records but did not find any documents.

2.    On October 31, 2022, Plaintiff served a subpoena duces tecum on Wellpath seeking Plaintiff's medical records. Wellpath responded that it does not have medical records for Plaintiff covering the time period relevant to Plaintiff's FAC.

3.    On December 19, 2022, the parties submitted a Stipulated Protective Order to the Court (ECF No. 54), which the Court granted on February 22, 2023. (ECF No. 56).

4.    On December 22, 2022, the parties submitted a Stipulation and Order to extend the deadline to amend pleadings or add parties and stay the remaining discovery deadlines until the Court rules on Defendant's pending Motion to Dismiss except that Plaintiff may continue to conduct discovery to identify the true names of John/Jane Does 1-5. (ECF No. 55). This Stipulation was granted by the Court on February 22, 2023. (ECF No. 57).

///

5.      On January 20, 2023, Plaintiff served written discovery requests on Defendant. Defendant's responses were due on February 21, 2023, but have not been received yet by Plaintiff.

6.      On January 23, 2023, Plaintiff served a subpoena on Las Vegas Metropolitan Police Department ("LVMPD") seeking to obtain Plaintiff's medical records. LVMPD responded that neither LVMPD nor CCDC maintain inmates' medical records.

7.      On January 23, 2023, Plaintiff served a subpoena on Clark County seeking to obtain Plaintiff's medical records. Plaintiff served the subpoena on an address requested from and provided by the Clark County Sheriff's Civil Process Section, but then received a response that Clark County could not be served at the address identified in the subpoena.

**II.     A Specific Description Of The Discovery That Remains To Be Completed.**

8.      The parties anticipate conducting further fact discovery in this case, including serving written discovery requests, taking party and non-party depositions, taking expert depositions if experts are disclosed in this case, and issuing additional subpoenas.

9.      Although Wellpath represented that it does not have the relevant medical records (discussed in more detail below), Plaintiff still intends to obtain all of Plaintiff's medical records in Wellpath's possession to ensure that none are relevant to this litigation. On February 21, 2023, counsel for Plaintiff received Plaintiff's release authorizing Wellpath to release his medical records, and is in the process of returning this release to Wellpath and obtaining the records.

10.     Plaintiff is in the process of serving the prior subpoena to a different address and/or re-issuing a subpoena to Clark County in order to obtain Plaintiff's medical records or at the very least, confirm who maintains the medical records at issue.

**III.    The Reasons Why The Deadline Was Not Satisfied Or The Remaining Discovery Was Not Completed Within The Time Limits Set By The Discovery Plan.**

11.     For many months, including both before and after counsel was appointed for Plaintiff, Plaintiff has been attempting to locate his medical records so that he can identify the true names of John/Jane Does 1-5 and amend his FAC accordingly. However, due to the issues described below, Plaintiff was unable to do so by the deadline to amend pleadings or add parties.

///

3

12. On April 13, 2021, the Court screened Plaintiff's FAC, determined that it stated colorable claims against NaphCare's medical staff (*i.e.*, John/Jane Does 1-5) and instructed Plaintiff to review the medical records in his possession to identify the true names of John/Jane Does 1-5, and if he did not have such records in his possession, to move the Court to issue a subpoena duces tecum so that he may obtain such records. (ECF No. 20).

13. On April 20, 2021, Plaintiff moved for an order directing the Clerk of Court to issue a subpoena duces tecum to Wellpath and attached a proposed subpoena duces tecum. (ECF No. 21).

14. On April 26, 2021, Plaintiff's motion for the issuance of a subpoena duces tecum was denied. (ECF No. 22).

15. On May 5, 2021, Plaintiff objected to the Court's denial of his motion for the issuance of a subpoena duces tecum. (ECF No. 23).

16. On May 30, 2021, the Court ordered that Plaintiff be provided with a copy of his medical records to keep in his cell (ECF No. 25), but this order was never served on anyone other than Plaintiff.

17. Because the May 30, 2021 order was not served on Wellpath's custodian of medical records, Plaintiff moved the Court to amend the order, which the Court granted. (ECF Nos. 26 and 27). In doing so, the Court instructed the warden at the High Desert State Prison ("HDSP") to provide Plaintiff with a copy of his medical records or direct the vendor that provides such services for HDSP to provide the medical records to Plaintiff. (ECF No. 27). However, due to "inadvertence," this order was also never served on anyone other than Plaintiff. (ECF No. 33 at 2:21-22).

18. After Plaintiff did not receive his medical records from the HDSP warden or anyone else, he moved the Court to require the HDSP warden to show cause why he has not complied with the Court's order. (ECF No. 28).

19. To Plaintiff's knowledge, Wellpath never responded to the subpoena duces tecum issued by the Clerk of Court pursuant to the Court's March 17, 2022 order.

///

4

20. On August 10, 2022, the undersigned appeared as counsel for Plaintiff. (ECF No. 37).

21. On October 31, 2022, Plaintiff's counsel served another subpoena duces tecum on Wellpath, requiring Wellpath to produce the requested documents or its objections to the same by November 28, 2022.

22. Plaintiff did not receive a timely response from Wellpath, so his counsel sent a follow up letter to Wellpath on December 6, 2022.

23. On December 14, 2022, a Wellpath representative contacted Plaintiff's counsel and stated that Wellpath will not produce Plaintiff's medical records until they receive a signed HIPPA release from Plaintiff or a copy of a protective order signed by the Court.

24. The parties stipulated to the entry of a protective order (ECF No. 54) which the Court granted on February 22, 2023. (ECF No. 56). Plaintiff's counsel only recently received Plaintiff's executed release form on February 21, 2023 and is in the process of transmitting that to Wellpath.

25. On December 20, 2022, Wellpath's representative informed Plaintiff's counsel that the names, birthdates, and last four digits of Plaintiff's social security number provided by Plaintiff did not match up with Wellpath's records. This was the first time Wellpath raised issues regarding Plaintiff's proper identification. The same day, Plaintiff's counsel provided Wellpath with Plaintiff's information from the Nevada Department of Correction's inmate search engine, which Wellpath was able to use to find Plaintiff's medical records. Wellpath has not yet provided the records to Plaintiff due to privacy regulations. However, Wellpath's representative informed Plaintiff's counsel that Wellpath only has Plaintiff's medical records dating back to January 2021, which does not include the time period relevant to Plaintiff's FAC.

26. On December 22, 2022, Defendant's counsel informed Plaintiff's counsel that NaphCare transferred custody and control of the medical records to Clark County when its contract to provide medical services to the CCDC terminated.

27. Plaintiff's counsel was informed for the first time on February 9, 2023 that neither LVMPD nor CCDC maintain inmates' medical records.

28. Plaintiff's counsel attempted to serve Clark County at an address requested and provided by the Clark County Sheriff's Civil Process Section, but was informed for the first time on February 14, 2023 that the subpoena to Clark County was sent to an address that apparently cannot accept service.

29. As a result, Plaintiff needs additional time to conduct limited discovery, including but not limited to re-serving or re-issuing a subpoena to Clark County in order to locate Plaintiff's medical records before he can amend his FAC.

**IV.    Proposed Schedule For Completing All Remaining Discovery.**

30. Based on the foregoing, the proposed discovery deadlines are as follows:

   a.    **Amend Pleadings or Add Parties:** April 24, 2023.

This Stipulation is entered into good faith and is not intended for the purposes of delay.

IT IS SO STIPULATED.

Dated: February 23, 2023.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Ethan M. Featherstone
S. Brent Vogel, Esq. (NSBN 006858)
Ethan M. Featherstone, Esq. (NSBN 11566)
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
(702) 893-3383
Brent.vogel@lewisbrisbois.com
Ethan.featherstone@lewisbrisbois.com

*Attorneys for Defendant NaphCare, Inc.*

MCDONALD CARANO LLP

By: /s/ Adam Hosmer-Henner
Adam Hosmer-Henner, Esq. (NSBN 12779)
Jane Susskind, Esq. (NSBN 15099)
Kiley Harrison, Esq. (NSBN 16092)
100 West Liberty Street, Tenth Floor
Reno, Nevada 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
jsusskind@mcdonaldcarano.com
kharrison@mcdonaldcarano.com

*Attorneys for Plaintiff Richard Banda*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: February 24, 2023

4858-0011-5026, v. 3

6