UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD BANDA, | Case No. 2:19-cv-00095-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| JOHN DOE, *et al.* | |
| Defendants. | |

### I.  INTRODUCTION

Before the Court are two motions: Defendant Naphcare, Inc.'s Motion to Dismiss (ECF No. 41), and Plaintiff Richard Banda's Motion to Amend the Amended Complaint (ECF No. 60).

For the foregoing reasons, the motion to dismiss is denied and the motion to amend the amended complaint is granted.

### II.  PROCEDURAL BACKGROUND

On January 15, 2019, Plaintiff filed an application for leave to proceed in forma pauperis ("IFP"), attaching his original complaint. ECF No. 1. On February 21, 2019, Plaintiff filed a motion for appointment of counsel. ECF No. 3. On August 19, 2019, the Court denied Plaintiff's application to proceed IFP, denied Plaintiff's motion for appointment of counsel as moot, and dismissed Plaintiff's complaint with prejudice for failure to state a claim. ECF No. 6.

On April 10, 2020, Plaintiff filed a motion for reconsideration. ECF No. 8. On October 28, 2020, the Court granted Plaintiff's motion for reconsideration. ECF No. 15. The Court granted the motion "out of abundance of caution" and allowed Plaintiff to amend the complaint but only as to his claim for his claim for deliberate indifference to serious medical needs. Id.

On November 10, 2020, Plaintiff filed an amended complaint ("FAC"). ECF No. 16. On April 13, 2021, the Court granted Plaintiff's motion to proceed IFP, screened the FAC and denied it with leave to amend to file a second amended complaint ("SAC"). ECF No. 20. Plaintiff was given 60 days to file his SAC. On May 30, 2021, noting that discovery had not formally opened, the Court ordered that Plaintiff be provided with a copy of his medical records to keep in his cell within two weeks. Id. Plaintiff's time to file the SAC was extended to July 9, 2021. Id.

On June 10, 2021, Plaintiff filed a motion to amend. ECF No. 26. On June 28, 2021, the Court ordered the warden at High Desert State Prison ("HDSP") to provide Plaintiff, within 21 days, with a copy of his medical records from Clark County Detention Center ("CCDC") or direct the vendor that provides services for HDSP to provide these records. ECF No. 27. Plaintiff was given more time to file his SAC. Id. On July 27, 2021, Plaintiff filed an order to show cause because the warden at HDSP had not provided him with his medical records to keep in his cell. ECF No. 28. On September 16, 2021, Plaintiff filed a motion for appointment of counsel. ECF No. 29. On March 17, 2022, the Court noted that its June 28, 2021 Order was not served on anyone other than Banda. ECF No. 33. Thus, to the case forward the Court: (1) vacated its order screening the FAC and its orders directing pre-service discovery dated May 30, 2021, and June 28, 2021, (2) denied Plaintiff's order to show cause as moot, and (3) (a) reconstrued Plaintiff's objections to the Court's order denying his Motion for a Rule 45 subpoena duces tecum as a motion for reconsideration and (b) granted it, vacating the April 26, 2021 Order denying his Rule 45 subpoena, and directing the Clerk of the Court to issue the subpoena. Id. The Court rescreened Plaintiff's FAC and allowed it to proceed against Naphcare, Inc. and John/Jane Does 1–5. Id. The Court granted the motion for appointment of counsel. Id.

On March 18, 2022, the Clerk of the Court issued a subpoena to the "custodian of medical records of Wellpath at Clark County Detention Center, 330 S. Casino Center Blvd, Las Vegas, NV, 89101 Attn: Medical Records" to directly provide Plaintiff with "full and complete medical record of inmate Tony Banda (AKA Richard Banda) (DOB's 3/25/93 and 4/30/93) CCDC booking number 02839235." ECF No. 35. The subpoena directed that these records be provided within 30

days of issuance of the subpoena.[1]

On August 10, 2022, pro bono counsel entered an appearance on behalf of Plaintiff. ECF No. 37.

On September 23, 2022, Defendant filed the instant Motion to Dismiss. ECF No. 41. Plaintiff filed a Response. ECF No. 45. Defendant filed a Reply. ECF No. 47. On February 22, 2023, the Court granted the parties' stipulation to stay discovery deadlines pending the outcome of pending motion to dismiss and extend the deadline to amend/add parties. ECF Nos. 57, 59. The stipulation clarified that Defendant was not waiving its right to oppose a motion to amend the pleading. On April 24, 2023, Plaintiff filed the instant Motion to Amend, attaching a proposed SAC. ECF No. 60. Defendant filed a Response. ECF Nos. 61, 62, 63. Plaintiff filed a Reply. ECF No. 66.

This Order follows.

### III.  MOTION TO AMEND THE AMENDED COMPLAINT

#### a. Legal Standard

Federal Rule of Civil Procedure 15(a) provides that, except in circumstances not present here, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has directed that this policy be applied with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). In ruling upon a motion for leave to amend, a court must consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011) (citation omitted).

---

[1] After another subpoena was filed by Plaintiff, Wellpath produced the documents but, according to Plaintiff, were not responsive because there were no records dating back to 2017. See ECF No. 60 at 6.

- 3 -

### a. Discussion

Plaintiff filed the instant Motion to Amend, seeking to file the proposed SAC as the operative complaint. The proposed SAC: (1) substitutes in for the Johns/Janes Does 10 individually named persons sued in their individual capacities, (2) adds LVMPD as a Defendant, and (3) adds a Monell liability claim for deliberate indifference in violation of the Fourteenth Amendment. Additionally, the motion seeks sanctions against Defendant for its failure to provide Plaintiff with his medical records and failure to engage in certain discovery. The Court has reviewed the motion, the parties' briefing, and the record, and finds that all five factors weigh in favor of granting Plaintiff leave to amend his operative complaint. The Court, however, declines to consider Plaintiff's request for sanctions because it is not properly filed. See Local Rule IC 2-2(b) (requiring "[f]or each type of relief requested or purpose of the document, a separate document [] be filed and a separate event [] be selected for that document").

First, it does not find that Plaintiff is acting in bad faith seeking leave to amend. Plaintiff argues that there is no bad faith because amendment was sought only after he was finally able to obtain his medical records which provided information to use in his complaint, including naming the John/Jane Does in the FAC. Moreover, there is no bad faith in naming the Las Vegas Metropolitan Police Department ("LVMPD") because the violated his constitutional rights. Defendants argue there is bad faith because he failed to properly disclose his identity for purposes of locating his medical records. He also acted incompetently trying to obtain these medical records by failing to reach out to the proper entities and serve them. Thus, Plaintiff, not Defendant, is at fault for the length of time it took for Plaintiff to receive his medical records to amend his complaint.

"In the context of a motion for leave to amend, bad faith means acting with intent to deceive, harass, mislead, delay, or disrupt." Wizards of the Coast LLC v. Cryptozoic Ent. LLC, 309 F.R.D. 645, 651 (W.D. Wash. 2015). After screening and dismissing Plaintiff's FAC without prejudice, the Court allowed Plaintiff to file a SAC, as early as April 13, 2021. Based on the Court's separate order directing HDSP to provide Plaintiff with his medical records to keep in his cell, Plaintiff was granted more time to file a SAC. Ultimately, on March 17, 2022, the Court rescreened

the FAC, allowed the claims to proceed, and directed the Clerk of the Court to issue Plaintiff's subpoena to the custodial officer at CCDC for his medical records. There were, however, issues related to service and to what entity had access to and could provide Plaintiff with his medical records that appeared to remain unresolved until April 2023. Now, Plaintiff has access to his medical records, and he seeks to amend his operative complaint. The Court does not find that any of this conduct constitutes a showing of bad faith.

Second, the Court finds that granting leave to amend would not cause undue delay. Plaintiff contends that there is no undue delay granting leave to amend because the parties stipulated to extend the deadline to move for leave to amend or to add parties. Moreover, the motion would have been filed sooner but for Defendant lying to Plaintiff by representing that they did not have his medical records when they in fact did. Defendant does not provide any argument as to this factor. "Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court." Id. The parties stipulated allowing Plaintiff to file a motion to amend the pleading. Second, the Court incorporates by reference its bad faith factor findings to find that permitting amendment will not unduly delay Defendant. Further, it does not appear that the newly alleged facts in the proposed SAC, including the name of the individual defendants, were known to Plaintiff before he had access to his medical records. See id. at 651-52. Therefore, the Court determines that granting leave to amend would not cause undue delay.

Third, Defendant would not be prejudiced if leave to amend were granted. Plaintiff argues that there is no prejudice because Plaintiff is not alleging new claims against Defendant. Defendant also knows the facts of the proposed SAC as they are similarly alleged in the FAC. Moreover, separate from naming the Johns/Janes Does employed by Defendant, LVMPD, the entity responsible for operating CCDC when Plaintiff received medical treatment from Defendant's employees, is the only other defendant added to the complaint. Additionally, Defendant's discovery strategy is not prejudiced because discovery has been stayed pending disposition of Defendant's motion to dismiss. Defendant argues, however, that it should not be forced to file another motion to dismiss another complaint that is substantially the same as the FAC. Further, the facts alleged in this case happened six years ago in 2017, and there has been no reasonable

- 5 -

basis for discovery to commence up to this point.

"Prejudice, in the context of a motion to amend, means undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." Id. at 652. Defendant fails to show how granting leave to amend would result in any change in tactics or theories against Plaintiff that would cause Defendant undue difficulty defending against this lawsuit. Defendant's only argument on this factor appears to be that it would have to file another motion to dismiss the proposed SAC if leave is granted. This is not substantial prejudice. If Plaintiff's amended complaint suffers from the same failures that Defendant contends the FAC does, Defendant can move to dismiss the amended complaint on similar grounds. Defendant fails to show that it has completed substantial work that would be disturbed by granting Plaintiff leave to file an amended complaint. Thus, the Court determines that granting leave to amend would not prejudice Defendant.

Fourth, amendment of the operative complaint would not be futile. Defendant asserts that amendment is futile. This is because the applicable statute of limitations to Plaintiff's claim ran by the time he filed his FAC. Second, Plaintiff's proposed SAC fails to state a claim under 42 U.S.C. §1983 and the 14th amendment against Defendant because there is no respondeat superior liability, and the proposed SAC, in conclusory fashion, alleges that Defendant acted personally, or had a policy or custom that violated his constitutional rights. Additionally, the proposed SAC guesses as to which individually named defendants are liable for Plaintiff's medical treatment. Third, Plaintiff fails allege that he exhausted his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Plaintiff disagrees. This is because the statute of limitations has not run on any of Plaintiff's claims because the proposed SAC relates back to the original complaint under Federal Rules of Civil Procedure 15(c)(1)(B), (C). Separately, the individually named defendants would have been named but for the failure to provide Plaintiff with his medical records. The Court already found that Plaintiff's FAC stated colorable claims, and the proposed SAC adds more detail to those claims. Also, even though the proposed SAC alleges Plaintiff did in fact administratively exhaust, Plaintiff has no affirmative obligation to allege so, as a matter of law.

The Court concludes that granting leave to amend would not be futile. In Nevada, the applicable statute of limitations for personal injury claims is two years. See Nev. Rev. Stat. 11.190(4)(e). The statute of limitations period accrues when a party "knows or has reason to know of the injury." Golden Gate Hotel Ass'n v. City and County of San Francisco, 18 F.3d 1482, 1486 (9th Cir. 1994). Liberally construing Plaintiff's original complaint, the facts giving rise to his claims started to accrue in May 2017. Plaintiff filed this action on January 15, 2019. Thus, Plaintiff's original complaint was filed within the two year statute of limitations for tort based section 1983 claims.[2] Furthermore,

> [a]n amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(A)-(C).

The Court finds that the proposed SAC relates back to the original pleading because it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Id. Although Plaintiff's original complaint did not name Defendant, the underlying facts, including that he was detained at CCDC from April 2017 and May 2017 and provided with medical treatment while detained, is conduct from which the proposed SAC's claims arose out of. Further, the individually named defendants in the proposed SAC could have been named earlier but were not because of issues related to Plaintiff's access to his medical records.

---

[2] For the defense of the running of the statute of limitations to be decided on a motion to dismiss, the untimeliness must clearly appear on the face of the complaint. See Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206-1207 (9th Cir. 1995) ("A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'") (quoting Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980)).

The Court has considered the rest of Defendant's arguments pertaining futility and finds that they are without merit. Accordingly, the Court finds that amending the operative complaint would not be futile.

Finally, the fact that Plaintiff previously amended his complaint does not weigh against granting leave to amend. Indeed, Plaintiff filed the FAC when was pro se. Now, however, Plaintiff is represented by counsel. Indeed, the request to amend was made after Plaintiff obtained counsel.

In sum, the Court finds that the five factors discussed above all weigh in favor of granting Plaintiff leave to amend his operative complaint. Accordingly, Plaintiff's motion for leave to amend his amended complaint is granted.

### IV.   MOTION TO DISMISS

Defendant filed the instant Motion to Dismiss the FAC on September 23, 2022. Any amended complaint will supersede the earlier complaint which Defendant has moved to dismiss, rendering the earlier complaint of no legal effect and the motion to dismiss moot. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015). Because the Court will grant Plaintiff's motion for leave to amend to file the proposed SAC, Defendant's motion to dismiss will be denied as moot.

### V.   CONCLUSION

**IT THEREFORE ORDERED** that Defendant Naphcare, Inc.'s Motion to Dismiss (ECF No. 41) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff Richard Banda's Motion to Amend the Amended Complaint (ECF No. 60) is **GRANTED** in part and **DENIED** in part. It is granted as to amending the operative complaint, but it is denied without prejudice as to imposing any sanctions on Defendant.

///

///

///

1 **IT IS FURTHER ORDERED** that Plaintiff Richard Banda file the amended complaint
2 within seven (7) days of the entry of this order.

4 **DATED:** <u>August 28, 2023</u>

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**